## NICOLAS *vs.* TRICKEY, use, &c.

1. A witness for the State, in a prosecution against a party, cannot bring suit on his certificate of attendance, against the defendant, after his conviction.

ERROR to the Circuit Court of Covington. Tried before the Hon. Robert Dougherty.

THIS was an action commenced before a justice of the peace, by the defendant in error, on his certificate of attendance as a witness on behalf of the State, in a prosecution against Nicolas.

The suit was instituted after the conviction of Nicolas. Judgment was rendered in favor of the plaintiff by the justice.

Nicolas v. Trickey, use &c.

The case was taken to the Circuit Court by the defendant, where judgment was again rendered in favor of the plaintiff. The defendant now brings the case into this court, and assigns as error the rendition of the judgment against him in the court below.

WATTS, JUDGE & JACKSON, for plaintiff in error :

1st. The bill of exceptions shows that the witness was summoned in behalf and testified in favor of the State in the prosecution. The defendant was convicted, and a judgment was rendered against him for the fine and costs of suit. All the right of action was thus merged in this judgment; and if he has not received his fees as witness, he must move the court to retax the costs.

2nd. The statute authorizing a witness to sue on his certificate of attendance applies solely to witnesses summoned in behalf of the person sued, (see Clay's Dig. 602, § 16 ;) and this only at the end of each term before the final disposition of the cause. After the final disposition of the cause, it is submitted, that the witness could only recover for his attendance through the judgment rendered, and would not have the right to multiply costs by bringing separate suits.

The bill of exceptions shows that the witness was not sworn by the clerk, and therefore, his certificate was not evidence to establish the attendance, and the amount to be received.—See Clay's Dig. § 6, p. 600; § 12, p. 601. The State witnesses have no other means provided, by which they can recover their costs out of the defendant in a State cause, than through the bill of costs.—See Clay's Dig. 600, § 7 ; and the witness had ample remedy by motion to retax.—See Marsh v. Bank, 10 Ala. 57 ; Carrill, use, &c. v. Reynolds, 9 Ala. 969.—See Briley v. Hodges, 3 Por. 335.

MARTIN & BALDWIN, contra:

The clerk upon the oath of the witness shall grant him a certificate of his attendance, stating the amount the witness may be entitled to for his attendance.—Clay's Dig. 601, § 12.— Witnesses' fees for attendance in behalf of the State to be paid by the defendant on conviction.—Clay's Dig. 600, § 6.

It is not the duty of the witness to leave his certificate with

the clerk of the court, to be taxed in the bill of costs, nor is he bound to await the return of an execution against the defendant, but may sue upon his certificate immediately.—Hill & Proctor v. White, 1 Ala. 577-8.

PARSONS, J.—It is only necessary to decide the question, whether a witness for the State, in a prosecution against a party, can bring suit on his certificate of attendance, against the defendant, after his conviction. In civil cases a witness may bring such a suit against the party in whose behalf he was a witness, even after the trial and judgment.—Hill & Proctor v. White, 1 Ala. 577.

In State cases, it is obvious that a witness for the State cannot bring suit for his attendance against the defendant before his conviction; after the conviction, the defendant becomes liable to the witness for his attendance. The act is, that "all witnesses, appearing in behalf of the State, in any criminal prosecution, shall be allowed the same compensation for their daily attendance, as is allowed to witnesses attending upon civil prosecutions; and such fees for attendance, together with all costs of the prosecution, shall be paid by the defendant upon conviction, &c."—Clay's Dig. 600, § 7.

In our practice the judgment goes in the name of the State against the defendant for the costs, though they are not ascertained by the judgment itself, but are to be taxed by the clerk, and may be collected by execution. In this manner the costs due to the witnesses are taxed, and when collected, are paid to the witnesses. The statute already cited contains a further provision in cases where the defendant is convicted, that in case the defendant shall not be able to pay costs, the clerk of the court shall grant a certificate of attendance for the witnesses of the State, in the manner that tickets are granted to the jurors, which are to be received by the sheriffs in payment of public dues, &c. By another act, the lands, goods, &c. of the person convicted, are to be liable to the discharge of the expenses incurred by the State or county, in the prosecution, in preference to all other demands, except dower and jointure.—Clay's Dig. 482, § 36. There is no statute which, in criminal cases, gives a witness for the State a right of action against the defendant. The omission, I think, was intended. His claim

against the defendant does not accrue until the moment of, and is merged in the judgment, and it is the judgment that gives the right. This view will prevent a multiplicity of unnecessary suits by the different witnesses against the defendant; and their rights and the rights of the public are most advanced by giving to the judgment this effect. Thus it can be ascertained by the return of a single execution, whether the witnesses are to be paid out of the public dues, and in the event of such a payment, the entire amount for which a preference is secured to the State by the act is to be ascertained by the taxation of the costs, instead of having to go to the different judgments recovered by the witnesses before justices of the peace, in which there must necessarily be new bills of cost.

There are distinctions, which will appear form what has been said, between this case and that of Hill & Proctor v. White. The judgment is reversed.